**AFFIDAVIT OF DEPORTATION OFFICER CHRISTOPHER S. MILLEY**
**IN SUPPORT OF A CRIMINAL COMPLAINT AND ARREST WARRANT**

I, Christopher S. Milley, being duly sworn, depose and state as follows:

1. I am a Deportation Officer with DHS, Immigration and Customs Enforcement ("ICE"), Enforcement and Removal Operations ("ERO") assigned to the office of the Field Office Director ("FOD"), Boston, Massachusetts, and have been so employed since June 2007. I am currently assigned to the ERO Criminal Prosecutions Unit ("ECP") and have been so for approximately the last 3 years. I attended Immigration Officer Basic Training Course in 2007 and have been employed as a professional immigration officer in a full time, continuous status for approximately 13 years. I have received training and experience in the enforcement of the immigration laws of the United States and detection and apprehension of aliens who are in the United States unlawfully. Among other duties, I am assigned to investigate cases involving persons who have illegally reentered the United States after having been deported and other violations of the Immigration and Nationality Act. I know that it is a violation of Title 8, United States Code, Section 1326 to reenter the United States after deportation without having

received the express consent of the Secretary of the Department of Homeland Security after that date.

2. The information contained in this affidavit is based upon information from my investigation as well as information provided to me by other law enforcement agents and agencies, a review of criminal history records, and a review of some documents from an Alien File #xx/xx/-383("A-File")associated with a person named Friendly Grandoit ("Grandoit") DOB xx/xx/1979.

3. This affidavit is submitted for the limited purpose of establishing probable cause in support of a criminal complaint, and as such, it does not necessarily contain every detail I and other law enforcement officers have learned during the course of this investigation, but instead only facts sufficient to establish probable cause in support of a criminal complaint and the issuance of an arrest warrant charging Grandoit with a violation of 8 U.S.C. §§ 1326(a) and (b)(2).

4. On or about April 18, 2005, Grandoit was encountered by Immigration officials while in pre-trial custody at the Plymouth County House of Corrections, in Plymouth, MA.  At that time, he was interviewed and it was determined that he was legally present in the United States, however removable based in part on his previous criminal convictions.

5. On May 25, 2005, ICE served Grandoit a Notice to Appear alleging removability due to his previous criminal convictions.

6. On September 14, 2006, Grandoit was convicted in the Middlesex Superior Court for trafficking in a controlled substance and was sentenced to 3 years to 3 years and one day's imprisonment.

7. Upon completion of his sentence, Grandoit was placed into removal proceedings ordered removed by an Immigration Judge, and on July 2, 2008, he was removed to Haiti. At the time of his removal, his fingerprints and photograph were obtained and affixed on a Warrant of Removal.

8. On or about September 4, 2019, Grandoit was arrested in Woburn, MA and charged with, among other things, distribution of cocaine, identity fraud, and operating on a suspended license. At that time, his prints were obtained and found to match the prints on file with the FBI. Grandoit was arraigned in the Woburn District Court and ordered held on bail.

9. On or about September 5, 2019, ICE lodged a detainer at the Middlesex County Sheriff's Department.

10. On or about April 8, 2020, Grandoit posted bail and was released. ICE, who had filed a detainer with the Sheriff's Department was not notified.

11. On October 8, 2020, I reviewed some of the documents contained the A-file associated with Grandoit.  The documents from the A-File show, among other things, that Grandoit is a citizen and national of Haiti.  The documents from the A-File also contain the Warrant of Removal, which contain Grandoit's fingerprints and photograph. I have reviewed photographs of Grandoit from the A-file and the recent a photograph of Grandoit's 2019 booking at the Middlesex Sheriff's Department, and they appear to depict the same individual.  I have reviewed the ICE Form I-294, Warning to Alien Ordered or Removed, dated May 19, 2008, and served on Grandoit the day he was removed to Dominican on July 2, 2008. The I-294 states Grandoit was banned from re-entering the United States.  There is nothing in the A-file indicating that at any time since his removal on July 2, 2008 Grandoit received the express consent of the Secretary of the Department of Homeland Security to reapply for admission to the United States.

12. On October 15, 2020, a copy of Grandoit's "10-print" fingerprint card from his September 4, 2019 arrest, a copy of the Warrant of Removal from July 2, 2008, and a copy of the May 19,2008 I294, were forwarded to the HSI Forensic Laboratory, which confirmed a positive match.

## CONCLUSION

13. Based on the foregoing facts, there is probable cause to believe that Friendly Grandoit, a native and citizen of Haiti, who was deported on July 2, 2008, subsequently re-entered the United States without having received the express consent of the Secretary of Homeland Security, in violation of Title 8, United States Code, Sections 1326(a) and (b)(2).

/s/ *Christopher S. Milley*,
CHRISTOPHER S. MILLEY
Sworn telephonically in
Accordance with
Fed.R.Crim.P.41(d)(3)

SUBSCRIBED and SWORN to telephonically in
Accordance with Fed.R.Crim.P.41(d)(3)
On October 16, 2020



HON. MARIANNE B. BOWLER
United States Magistrate Judge

5